IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| K. SCOTT STOKES,       Plaintiff, v. SERN KYU LEE and MIN JA LEE, as Co-Trustees of OLP LAND TRUST,       Defendants. | CIVIL ACTION FILE No. _____ |

## COMPLAINT

COMES NOW, K. SCOTT STOKES, by and through the undersigned counsel, and files this, his Complaint against Defendants SERN KYU LEE and MIN JA LEE as Co-Trustees of OLP LAND TRUST pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and

1

violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff K. SCOTT STOKES (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Roswell, Georgia (Fulton County).

4. Plaintiff is a quadriplegic and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Upon information and good faith belief, OLP LAND TRUST ("the Trust") is a trust formed under the laws of the State of Georgia.

8. Defendant SERN KYU LEE (hereinafter "SKL"), in his capacity as a co-trustee of the Trust, is, and has been at all times relevant hereto, a resident of the State of Georgia.

9. SKL may be properly served with process at 3137 Millington Place, Duluth, Georgia 30096.

10. Defendant MIN JA LEE (hereinafter "MJL"), in her capacity as a co-trustee of the Trust, is, and has been at all times relevant hereto, a resident of the State of Georgia.

11. MJL may be properly served with process at: 3137 Millington Place, Duluth, Georgia 30096.

## FACTUAL ALLEGATIONS

12. On or about September 14, 2022, Plaintiff was a customer at "A Pollo Taqueria", a business located at 10479 Alpharetta Street, Suite 1, Roswell, Georgia 30075.

13. SKL and MJL are the owners or co-owners of the real property and improvements that are the subject of this action. (The contiguous, multi-tenant structure and improvements situated upon said real property shall be referenced herein as the "Facility," and said real property shall be referenced herein as the "Property").

14. Plaintiff lives approximately three (3) miles from the Facility and Property.

15. Plaintiff's access to the businesses located at 10479 Alpharetta Street, Roswell, Georgia 30075 (Fulton County Property Appraiser's parcel number 12 209104660826), and/or full and equal enjoyment of the goods, services, foods,

drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

16. Plaintiff has visited the Facility at least once before and intends on revisiting the Facility once the Facility is made accessible.

17. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

18. Plaintiff travelled to the Facility and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

20. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

21. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

22. The Facility is a public accommodation and service establishment.

23. The Property is a public accommodation and service establishment.

24. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

25. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

26. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

27. The Facility must be, but is not, in compliance with the ADA and ADAAG.

28. The Property must be, but is not, in compliance with the ADA and ADAAG.

29. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in his capacity as a customer of the Facility and Property, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30. Plaintiff intends to visit the Facility and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31. Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods,

services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

33. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a)    EXTERIOR ELEMENTS:**

(i)    The Property lacks an accessible route from the public sidewalk to the accessible entrance(s) of the Facility, in violation of section 206.2.1 of the 2010 ADAAG standards.

(ii)    There are two accessible parking spaces on the Property situated in the interior portion of the parking lot. These spaces

have no accessible signage, in violation of section 502.6 of the 2010 ADAAG standards, and each have no adjacent access aisle, in violation of section 502.3 of the 2010 ADAAG standards. Further, these accessible spaces are not located upon the shortest accessible route to the entrances of the Facility, in violation of section 208.2 of the 2010 ADAAG standards, one of which requires extensive travel through heavily trafficked portions of the vehicular way in order to access the Facility.

(iii) There is one accessible parking space on the Property situated most proximate to Suite 4 of the Facility. This space has no accessible signage, in violation of section 502.6 of the 2010 ADAAG standards, and has no adjacent access aisle, in violation of section 502.3 of the 2010 ADAAG standards.

(iv) There are two accessible parking spaces on the Property situated most proximate to Suites 8 and 9 of the Facility. These spaces have no accessible signage, in violation of section 502.6 of the 2010 ADAAG standards, and each have no adjacent access aisle, in violation of section 502.3 of the 2010 ADAAG standards.

(v) The walking surfaces of the portion of the accessible route on the Property between Suites 10 and 11 of the Facility have a slope in excess of 1:20 (one to twenty), in violation of section 403.3 of the 2010 ADAAG standards. This portion of the accessible route also has a total vertical rise greater than 6" (six inches), but does not have handrails complying with section 505 of the 2010 ADAAG standards, in violation of section 405.8 of the 2010 ADAAG standards.

(vi) The access aisle adjacent to the accessible parking space on the Property most proximate to Suites 16 and 17 of the Facility is not level, in violation of section 502.4 of the 2010 ADAAG standards. The adjacent accessible parking space also lacks van accessible signage, in violation of sections 208.2.4 and 502.6 of the 2010 ADAAG standards.

(vii) The accessible ramp on the Property most proximate to Suites 16 and 17 of the Facility has a running slope in excess of 1:12 (one to twelve), and side flares with slopes in excess of 1:10 (one to ten), in violation of sections 405.2 and 406.3 of the 2010 ADAAG standards.

**(b)   INTERIOR ELEMENTS:**

(i)   The restroom doors in the "A-Pollo" portion of the Facility do not provide for permissible minimum maneuvering clearance, in violation of section 404.2.4 of the 2010 ADAAG standards.

(ii)   The hardware on the restroom doors in the "A-Pollo" portion of the Facility have operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards. Said doors also require an opening force in excess of 5 lbs. (five pounds), in violation of section 309.4 of the 2010 ADAAG standards.

(iii)   The toilet paper and hand sanitizer dispensers in the restrooms in the "A-Pollo" portion of the Facility are positioned outside the permissible reach ranges set forth in section 604.7 of the 2010 ADAAG standards.

34.   Upon information and good faith belief, Defendant fails to adhere to a policy, practice and procedure to ensure that all features and facilities at the Facility and Property are readily accessible to, and usable by, disabled individuals.

35.   Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to utilize an accessible parking space on the

Property, more difficult for Plaintiff to exit and re-enter his vehicle on the Property, and more difficult for Plaintiff to utilize the restroom in the "A-Pollo" portion of the Facility.

36. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

37. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

38. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

40. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

41. Upon information and good faith belief, the removal of the physical

barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

42. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

44. Plaintiff's requested relief serves the public interest.

45. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

46. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

47. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an order to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find the Trust in violation of the ADA and ADAAG as to each violation enumerated herein that is under its ownership, possession and/or control;

(b) That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendants, in their capacity as Co-Trustees of the Trust, to (i) remove the physical barriers to access and (ii) alter the Facility and Property to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as just and equitable in light of the circumstances.

Dated: October 11, 2022.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC

13

1123 Zonolite Road N.E., Suite 7-B  
Atlanta, Georgia 30306  
Tel: (404) 365-4460  
Fax: (855) 415-2480  
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich  
Craig J. Ehrlich